## BARRETT *v.* SAYER.

*(Supreme Court, General Term, Second Department.* December 10, 1890.)

**1. DE FACTO SCHOOL TRUSTEE—CONTRACTS WITH TEACHERS.**
    The trustee of a school-district, disputing the legality of an adjourned school meeting at which his successor was elected, continued to claim and hold the office and all the property of the district, and to act as sole trustee, and in that capacity employed plaintiff as teacher, and, in payment of his wages, made a draft on the supervisor of the town. *Held,* that such acts were valid as those of an officer *de facto,* and plaintiff could recover on the draft.

**2. COSTS—CERTIFICATE OF GOOD FAITH.**
    Payment of a draft by a school trustee on the supervisor of a town was refused by the latter upon a doubt of the competency of the former to make it; but it appeared that the drawer was at least such trustee *de facto.* *Held,* that the supervisor had no authority to question the drawer's title as trustee, and was not entitled, in an action on the draft, to the certificate that he had acted in good faith required by Code Civil Proc. N. Y. § 3244, to relieve him from costs of the action.

Appeal from Orange county court.

Action by Ervin A. Barrett against George W. Sayer, as supervisor of the town of Warwick. From a judgment for plaintiff entered upon a new trial in the county court, on appeal from a judgment of a justice of the peace in favor of plaintiff, defendant appeals. Code Civil Proc. N. Y. § 1927, provides that an action may be maintained against certain specified officers, among them the supervisor of a town, "upon any cause of action which accrues against them, or has accrued against their predecessors, or upon a contract made by their predecessors in their official capacity, and within the scope of their authority." Section 3244 provides that "costs cannot be awarded to the plaintiff in an action against a school officer, or a supervisor, on account of an act performed by him by virtue of or under color of his office, or on account of a refusal or an omission to perform a duty enjoined upon him by law, where his act, refusal, or omission might have been the subject of an appeal to the state superintendent of public instruction, and where it is certified that it appeared, upon the trial, that the defendant acted in good faith."

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*G. W. McElroy,* (*M. N. Kane,* of counsel,) for appellant. *F. V. Sanford,* for respondent.

DYKMAN, J. The plaintiff in this action is a regularly qualified school-teacher, and as such was employed to teach, and did teach, the school in com-

mon school district No. 19, in the town of Warwick, in Orange county; and the defendant is the supervisor of that town.    After the completion of his services as such teacher, the plaintiff received from the person who employed him a draft drawn upon the defendant for the payment of $62.70 on account of wages earned by him as such teacher, which he presented to the defendant, who refused to pay it.    Thereupon this action was commenced in a court of a justice of the peace for the recovery of the amount called for by the draft, and a judgment was rendered in favor of the plaintiff.    Then the defendant appealed to the county court of Orange county, where a new trial was had, which resulted also in favor of the plaintiff.    From the judgment entered in the county court, the defendant has appealed to this court, and so we have the case.

The refusal of the defendant to pay the draft was based upon his doubt of the competency of the drawer to make the same.    It was drawn by D. B. Garlinghouse, and signed by him as sole trustee of school-district No. 19 of the town of Warwick.    Garlinghouse was in the possession of the office into which he came the previous year, and he held the property of the district, hired the teacher, and claimed the office, and the right to exercise its functions.    He was therefore a *de facto* officer, and his acts as such were valid; and, if the defendant had paid the draft, its possession after such payment would have afforded him ample protection.    In fact, he had neither authority nor power to inquire into the title of Garlinghouse as trustee.    If, upon the presentation of every draft drawn in favor of teachers by persons assuming to be and to act as trustees, the defendant could institute an investigation into the official title of the drawers, the delay would be endless, and the inconvenience intolerable.    The same principle runs through all official action, and the law can be enforced, and business facilitated, and society protected, upon no other principle.    The rule was established for the benefit of the public and third persons, and this action falls easily within its operation.    Garlinghouse was the trustee of this school-district the previous year, and he disputed the legality of the adjourned school meeting at which his successor was elected, and held possession of all the property of the district, and acted as its sole trustee.    He therefore held the office by color of title, and was not a usurper, but had the legal right to the denomination of an officer *de facto* for the benefit and protection of the public.    The defense to the action therefore failed, and the defendant became liable to an action which the law permits the plaintiff to maintain.    Code Civil Proc. § 1927.    The facts and circumstances of the case justified the county judge in refusing to give the certificate of good faith, and in charging the defendant with the costs of the action.

The judgment and order appealed from should be affirmed, with costs.